UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CHAYA SHUTTERMAN and ELIEZER LEVER,

                Appellants,

      -against-

ZEV CADANER and VILMA LOUISE JOHNSON,

                Appellees.
-------------------------------------------------------------------x

**ORDER**
25-CV-04520 (OEM)

ORELIA E. MERCHANT, United States District Judge:

Under Federal Rule of Bankruptcy Procedure 8007(b), district courts consider four factors when considering whether to impose a stay:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re 461 7th Ave. Mkt., Inc.*, 623 B.R. 681, 688 (S.D.N.Y. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)), *aff'd*, 20-3555, 2021 WL 5917775 (2d Cir. Dec. 15, 2021). A stay "is not a matter of right," rather, it "is an exercise of judicial discretion." *Id.* The party that requests the stay thus "bears the burden of showing that the circumstances justify an exercise of discretion." *Id.* (quoting *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020)). "[T]he first two factors are the most critical[.]" *Id.* (quoting *U.S. Dep't of Homeland Sec.*, 974 F.3d at 214). Moreover, "failure to satisfy one factor dooms a motion for a stay pending appeal." *In re Perry H. Koplik & Sons, Inc.*, 02-B-40648 (REG) & 05-01136 (REG), 2007 WL 781905, at *2 (Bankr. S.D.N.Y. Mar. 13, 2007) (denying motion for stay pending appeal where the movant failed to demonstrate irreparable harm (citing *In re Metiom, Inc.,* 318 B.R. 263, 271 (S.D.N.Y. Dec. 15, 2004); *In re Turner,* 207 B.R. 373, 376 (B.A.P. 2d Cir. 1997))).

Upon its consideration of the foregoing factors, the Court finds that, most significantly, Appellants Chaya Shusterman and Eliezer Lever (collectively, "Appellants") have not shown that they will be irreparably injured absent a stay. Appellants argue that they will suffer irreparable injury because "they will still have lost the opportunity to purchase a valuable piece of real estate, which is considered unique under the law," and "the appeal will effectively be rendered moot." Declaration of Ira Kleiman ¶¶ 43-44, Dkt. 8-1 (the "Motion for Stay" or "Stay Mot."). But "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Va. Petrol. Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.3d 921, 925 (D.C. Cir. 1958) (per curiam)); *see also In re Taub*, 470 B.R. 273, 278 (E.D.N.Y. 2012) ("[I]njuries fully remedied by monetary damages do not constitute irreparable harm."). Appellants do not demonstrate that they have a vested interest in the property at issue,[1] and their alleged harm appears to be remediable through monetary damages. Even if they had a vested interest in the Property, or are found to have such interest on appeal, Appellants do not clearly establish that sale of the Property constitutes irreparable harm. *See, e.g.*, *In re Giambrone,* 600 B.R. 207, 213 (E.D.N.Y. 2019) ("The fact that the property will be sold absent a stay does not automatically constitute irreparable harm.").

Accordingly, Appellants' Motion for Stay is denied.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

December 11, 2025
Brooklyn, New York

---

[1] The subject property is located at 1708 President Street, Brooklyn, New York (the "Property"). Stay Mot. ¶ 2.

2